UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 1:09 CR 17 |
| | ) | 1:10 CR 442 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| KENNETH A. WHITE | ) | |
| | ) | |
| Defendant | ) | ORDER |

### I. MAY 11, 2011 ORDER

The court issued an Order on May 11, 2011 (ECF No. 117), granting Defendant Kenneth White's ("White" or "Defendant") Motion to Sever Counts and Cases (Case 1:09 CR 17, ECF No. 108). The court severed the cases, Case 1:09 CR 17 and Case 1:10 CR 442. The court also severed Count IV, failure to appear, from Counts I-III in case no. 1:09 CR 17. The court found that the two cases should be severed because the Government did not object and the charges grew out of different facts and circumstances. The court also found that Count IV should be severed from Counts I-III in Case no. 1:09 CR 17 because Defendant was able to demonstrate how he may be prejudiced if a jury were to hear evidence regarding his failure to appear charge along with evidence on the other three charges.

### II. MAY 13, 2011 PRETRIAL CONFERENCE

The court held a pretrial conference on the record with counsel for the parties in the within

cases on May 13, 2011, at approximately 11:30 a.m. Defendant Kenneth White was present. During the hearing, the court made the following rulings, for the reasons stated on the record, on pending motions. In Case No. 1:09 CR 17, the court granted Defendant's Motion to Allow Use of Jury Questionnaire (ECF No. 111), to the extent the questions are necessary; denied Defendant's *Pro Se* Motion to Provide Inspection of Jury List in Support of a Future Motion to Dismiss Grand Jury Indictment Pursuant to Title 28 U.S.C. Section 1867(a)(f) (ECF No. 13); overruled Defendant's *Pro Se* Notice Regarding Jurisdictional Challenge (ECF No. 14); denied Defendant's *Pro Se* Motion to Dismiss With Prejudice for Fourth Amendment Violation (ECF No. 15); denied as moot Defendant's Notice of Entry of Defendant as Co-Counsel (ECF No. 16); denied Defendant's *Pro Se* Motion for Bill of Particulars (ECF No. 17); denied Defendant's *Pro Se* Request for Production of All Classified Records Related to the Defendant and/or this Case or Dismissal of the Indictment with Prejudice (ECF No. 19); denied as moot Defendant's *Pro Se* Request for Production of Bona Fides of the Judge and Magistrate in this Case (ECF No. 20); denied Defendant's *Pro Se* Request for Dismissal of Case with Prejudice Due to Multiplicious [sic] Indictment (ECF No. 21); denied as moot Defendant's *Pro Se* Demand for all Evidence (ECF No. 22); denied Defendant's *Pro Se* Demand for Finding of Fact and Law on all claims presented as to Kenneth A White (ECF No. 23); denied Defendant's *Pro Se* Demand for Subpoenas (ECF No. 24); overruled Defendant's *Pro Se* Notice of Due Process Violation Fifth Amendment Right (ECF No. 104); denied as moot *Pro Se* Defendant's Motion (Demand) for the Grand Jury Transcripts (ECF No. 105); denied Defendant's *Pro Se* Motion (Demand) to Challenge the Racial Make Up and the Qualifications of the Grand Jury (ECF No. 106); and denied as moot Defendant's *Pro Se* Motion (Demand) for Grand Jury Transcripts for Indictment on 1/06/09 (ECF No. 107). Defendant's *Pro Se* Motion (Request) for

Admissions (ECF No. 25) and Defendant's Motion for Bill of Particulars (ECF No. 44) were withdrawn. Defendant also withdrew his Motion to Proceed *Pro Se* (Case No. 1:09 CR 17, ECF No. 116; Case No. 1:10 CR 442, ECF No. 19). The court also ruled on the record that Defendant's *Pro Se* Notice of Due Process Violation Fifth Amendment Right in Case No. 1:10 CR 442 was denied for the same reasons it had stated for denying his Motion (ECF No. 104) in Case No. 1:09 CR 17.

After a review of the parties' trial briefs, and the parties' oral arguments, the court found that flight evidence would be admissible, and therefore, it should reverse its ruling of May 11, 2011 (ECF No. 117), and try Count IV of the Indictment for Case No. 1:09 CR 17, with Counts I-III of the Indictment proceeding to trial, initially set for May 18, 2011. Thus, Counts I-IV would be tried together at the jury trial initially scheduled to commence May 18, 2011. The court also found that the fraudulent information provided by Defendant in support of his loan applications that form the bases of the charges against him would be admissible at trial under Section 404(b) or as res gestae. The court found that the fraudulent information Defendant provided in support of a modification of his loan, while out on bond for this case, would also be admissible at trial under Section 404(b) or as res gestae.

### III. GUILTY PLEA

Defendant entered a guilty plea on May 17, 2011, to all of the charges in the 1:09 CR 17 and 1:10 CR 442 cases.

### IV. JUNE 13, 2011 STATUS CONFERENCE

The court held a status conference on the record with counsel for the parties in the within case on June 13, 2011, at approximately 3:00 p.m. Defendant Kenneth White was present. The

court discussed Defendant's *Pro Se* Motion to Withdraw his Guilty Plea. (ECF No. 127.) The court did not allow Defendant to withdraw his guilty plea at that time. Defendant's attorney, Michael Goldberg, withdrew as counsel. The court appointed new counsel, John Ricotta, for Defendant on June 14, 2011.

## V. MOTION TO WITHDRAW GUILTY PLEA

On July 25, 2011, White's new counsel, John Ricotta, filed a Motion to Withdraw Plea of Guilty. (ECF No. 132.)

## VI. AUGUST 23, 2011 PRETRIAL CONFERENCE

The court held another pretrial conference on the record with counsel for the parties in the within case on August 23, 2011, at approximately 2:00 p.m. Defendant Kenneth White was present. For reasons stated on the record, the court granted White's Motion to Withdraw Plea of Guilty. (ECF No. 132.) Also during the hearing, White withdrew his Motion to Appoint New Counsel and Notice to Relieve Counsel. (ECF No. 135.)

## VII. MOTION FOR JOINDER OF CASES

Currently pending before the court is White's Motion for Joinder of Cases and Severance of Counts, filed by his new counsel, John Ricotta. (ECF No. 137.) White requests that the court join the two cases for trial, 1:09 CR 17 and 1:10 CR 442, rather then try them separately as the court had previously ruled in the May 11, 2011 Order (ECF No. 117), because the charges "involve the same or similar activities occurring in or around the same time period." (*Id*. at 2.) White also requests that the failure to appear charge, Count IV in Case No. 1:09 CR 17, be tried separately from the two cases. The Government opposes both of these requests (ECF No. 140) in light of White's previous request to join the cases (ECF No. 99), then subsequent request to sever them (ECF No. 108), which

was granted (ECF No. 117). The Government also argues that joinder of the cases would create a number of appellate issues, given White's inconsistent positions on the issue. In addition, the Government argues that if the cases were joined it would confuse the jury, but the Government does not explain how joinder would do so.

On November 9, 2010, White's previous counsel, Michael Goldberg ("Goldberg"), requested that the two cases be joined because the charges could have been joined in a single indictment. (ECF No. 99.) On April 27, 2011, Goldberg moved to sever the counts and cases. (ECF No. 108.) Goldberg argued that he initially wanted the cases joined because of White's intention to seek a bench trial, and not a jury trial, but White had since changed his mind and wanted a jury trial. Goldberg argued that keeping the cases joined, as well as Count IV of the Superceding Indictment in Case No. 1:09 CR 17, the failure to appear charge, would be highly prejudicial to Defendant. The Government opposed the request to sever Count IV in Case No. 1:09 CR 17, but did not oppose the request in regard to the two cases. (ECF No. 112.) The court granted, without objection from the Government, Defendant's Motion to Sever Counts and Cases, and set three separate trial dates, for Counts 1-III in Case No. 1:09 CR 17, Count IV in Case No. 1:09 CR 17, and Case No. 1:10 CR 442. (ECF No. 117.) On May 13, 2011, during the pretrial conference, the court departed from its initial ruling, and found, for reasons stated on the record, that Count IV of Case No. 1:09 CR 17 should be tried with the other three counts in the case.

On June 13, 2011, Goldberg withdrew as counsel. (ECF No. 129.) On June 14, 2011, White's current counsel, John Ricotta ("Ricotta"), was appointed. On September 7, 2011, Ricotta filed his Motion for Joinder of Cases and Severance of Counts. (ECF No. 137.) In light of the fact

that the Government has objected to joining the cases, the court must conduct a full analysis of the issue.

Rule 13 of the Federal Rules of Criminal Procedure states that the "court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 8(a) states that joinder of offenses is appropriate if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." In Case No. 1:09 CR 17, White is charged with three counts of making false statements in a loan application. In Case No. 1:10 CR 442, White is charged with conspiracy to defraud the United States, four counts of wire fraud and aiding and abetting, and one count of bank fraud and aiding and abetting. Both cases allege that White either personally engaged in fraudulent activity or directed others to do so. In Case No. 1:09 CR 17, White is alleged to have provided fraudulent documents on his own behalf in order to defraud financial institutions. In Case No. 1:10 CR 442, rather than on his own, White is alleged to have directed someone else to submit fraudulent documents to defraud automobile finance and mortgage companies. Therefore, both cases contain offenses that are of the "same or similar character," and could have been joined in a single indictment, since both involve fraudulent representations, and in essence only differ as to whether White is alleged to have acted directly or indirectly. The court finds, after a thorough review, that Ricotta has made a convincing case regarding the need for joinder of the two cases, and therefore, the court should depart from its ruling it made on the record on May 13, 2011. Consequently, the court finds joinder of the cases to be appropriate, and that the charges in the two cases are not so complex as to confuse the jury. However, any potential confusion can be remedied

-6-

by providing the jury with the proper limiting instructions. Accordingly, White's Motion is granted on this ground.

The court declines to sever Count IV of Case No. 1:09 CR 17, the failure to appear charge. Ricotta argues that this charge is prejudicial and dissimilar to the other charges involved. The court does not find Ricotta's arguments to be well-taken. The court concluded on the record at the pretrial hearing held on May 13, 2011, that evidence regarding this charge would be admissible independently as consciousness of guilt, and therefore, it should be tried with the rest of the charges in Case No. 1:09 CR 17. The court finds no reason to depart from this conclusion. Furthermore, the failure to appear charge stems from White's failure to appear for a bond revocation hearing in Case No. 1:09 CR 17. The Sixth Circuit has stated that, "[i]t is well established that a charge of escape or bail jumping and the underlying substantive offense are sufficiently connected to permit joinder under Fed. R. Crim. P. ("Rule") 8(a)." *United States v. Turner*, 134 F. App'x 17, 22 (6th Cir. 2005). However, under Fed. R. Crim. P. 14(a), the court could sever this charge if White were able to show prejudice. Ricotta makes only a generalized claim about prejudice, alleging that the jury would be unable to keep the offenses separate. As indicated above, any potential confusion of the jury could be remedied by providing the proper limiting instructions. Accordingly, the Motion is denied on this ground.

Trial is currently set to commence on November 8, 2011. However, given that both cases and all charges will now be tried together, and the Government indicated in its response that it would need additional time, the trial may be reset. If either party needs additional time, it should file a motion seeking a continuance. The only issue that remains pending is in regard to whether or not

White's prior federal convictions for bank fraud will be admissible at trial.

    IT IS SO ORDERED.

                                          /S/ SOLOMON OLIVER, JR.
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

November 3, 2011